**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**In re:**

|  |  |
|---|---|
|     TERESA S. CAMDEN, | Case No.:  16-31606-KRH |
|                   Debtor. | Chapter 7 |

**TRUSTEE'S MOTION FOR APPROVAL
OF COMPROMISE AND SETTLEMENT
WITH DEBTOR AND CHRISTOPHER CAMDEN**

Bruce H. Matson, Chapter 7 Trustee ("**Trustee**") for the Bankruptcy Estate of Teresa S. Camden ("**Camden**" or the "**Debtor**"), by counsel, files this motion for entry of an order pursuant to *Federal Rule of Bankruptcy Procedure* 9019 approving the compromise and settlement of claims between the Trustee, the Debtor, and Christopher Camden ("**Mr. Camden**") (collectively, the "**Parties**").  In support of this motion, the Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

**Background**

4. On March 31, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

---

C. Thomas Ebel, VSB No. 18637
William A. Gray, VSB No. 46911
SANDS ANDERSON PC
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: 804.648.1636
  *Counsel for Bruce H. Matson, Chapter 7 Trustee*

5. The Trustee was appointed as interim trustee and continues to serve in that capacity.

6. As of the Petition Date, the Debtor had an interest in the following assets:

(a) bank accounts at M & T Bank listed on the schedules in her Bankruptcy Case which she held jointly with Mr. Camden being a personal checking account number xx7074, and a money market savings account number xx5613 (together, the "**Joint Personal Accounts**");

(b) an interest in tax refunds from both the Commonwealth of Virginia (in the amount of $6,550.00) and the IRS (in the amount of $8,668.00) (together, the "**Tax Refunds**") as set forth on the joint 2015 Income Tax Returns of the Camdens which the Debtor provided to the Trustee;

(c) all of the interest in Commonwealth Sports Medicine, P.C., a Virginia Professional Corporation ("**CSM**"), and Brennan's Aesthetics, LLC, a Virginia limited liability company ("**BA**") (together with CSM, the "**Entities**"); and

(d) certain real property in Henrico County, Virginia, owned as tenants by the entirety with right of survivorship with Mr. Camden, commonly known as 12124 Blairmont Court, Glen Allen, Virginia 23059 and identified as tax map number 737-772-7112 (the "**Real Property**"), which was conveyed to the Camdens by a certain Deed of Gift from the Debtor to the Camdens dated November 10, 2015, and recorded November 12, 2015 in the Clerk's Office of the Circuit Court of Henrico County, Virginia in Deed Book 5424, page 2187.

7. Based on the nature and timing of conveyance of the Real Property from the Debtor to the Debtor and Mr. Camden, the Trustee has claimed the conveyance is voidable, that the Trustee has an interest in the Real Property and any equity of the Debtor is not exempt to the extent claimed by the Debtor on her schedules in her Bankruptcy Case.

8. While Mr. Camden may have an interest in the Joint Personal Accounts and the Tax Refunds, the Trustee has claimed the entire amount of the Joint Personal Accounts and the Tax Refunds belong to the Trustee for the benefit of the Debtor's bankruptcy estate.

9. As of the date of the Settlement Agreement defined below, both Entities were no longer operating and the existence of both has been terminated with the Virginia State

2

Corporation Commission. The Entities owned various assets (the "**Entity Assets**"), including equipment and certain bank accounts at M & T Bank (the "**Entity Bank Accounts**"). The Entities also owed certain creditors including secured creditors who have claimed a lien on certain of the Entity Assets, but the Trustee believes there may be value for the Debtor's bankruptcy estate in taking control of the Entities and/or the Entity Assets.

10. Any known creditors that may assert claims against the Entities have been provided notice of this motion.

11. The Trustee believes the resolution of the competing issues as provided by the proposed settlement is in the best interest of the creditors.

## Settlement Terms

12. The Parties have engaged in good faith, arms' length negotiations in an effort to resolve their claims and defenses related to the Joint Personal Accounts, the Tax Refunds, the Entities, the Entity Assets, the Entity Bank Accounts, and the Real Property. Without conceding the merits of any claim or argument asserted by any other Party, the Parties have entered into a Settlement Agreement (**"Settlement Agreement"**), attached hereto as **Exhibit A**, in order to avoid the inherent risk, delay, and substantial expense that would arise from litigating all claims and defenses related to the property described herein.

13. Under the terms of the proposed compromise and settlement, the Debtor and Mr. Camden have agreed to, and done the following[1]:

> 1) agreed to pay, and have paid over to the Trustee the balance of the Joint Personal Accounts totally $73,987.54 as follows:
>
> a. M & T Bank account number x7074 in the amount of $8,305.58.
> b. M & T Bank Account number x5613 in the amount of $65,681.96

---

[1] The Settlement Agreement contains all terms and conditions of the settlement, and control over any inconsistencies between the description of the agreement herein, and the actual Settlement Agreement.

3

2)     agreed to pay, and have paid over to the Trustee the following Tax Refunds in the total amount of $15,218.00 (which were deposited to and are a part of the Joint Personal Accounts paid over to the Trustee):

    a. Virginia Income Tax Refund in the amount of $6,550.00
    b. Federal Income Tax Refund in the amount of $8,668.00; and;

3)     agreed to pay, and have paid over to the Trustee the balance of the following Entity Bank Accounts:

    a. M & T Bank CSM account number x6898 in the amount of $12,691.21
    b. M & T Bank BA account number x7094 in the amount of $42,941.99.

14. In addition, the Trustee, the Debtor and Mr. Camden wish to settle any and all issues between them with respect to any interest the Trustee may have in the Real Property in return for payment by the Debtor and Mr. Camden of the amount of $25,000 to the Trustee, which amount has been paid by the Debtor to the Trustee.

## Relief Requested

15. The Trustee, in his business judgment, believes the compromise and settlement as detailed in the Settlement Agreement, is in the best interest of the estate, and is fair and equitable to the creditors of the estate.

16. The Trustee requests that the Court approve the Settlement Agreement, and authorize the Trustee to take any actions necessary to fulfill the same.

## Points and Authorities

17. The well-established law encourages the approval of settlements to help resolve bankruptcy cases. Specifically, in *In re Martin*, 91 F.3d 389 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit stated that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *Id.* at 393, *see also In re Frye*, 216 B.R. 166, 170 (Bankr. E.D. Va. 1997) ("Bankruptcy Rule 9019 governs

compromise of a claim and permits a trustee to compromise or settle controversies to avoid the time and expense of litigating controversial claims.").

18. In determining whether to approve a compromise and settlement, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (1) the probability of success in litigation; (2) the potential difficulties, if any, in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delays necessarily attending it; and (4) the paramount interest of the creditors. *Id.*

19. Approval of the Settlement is warranted because it provides for a resolution of all disputes regarding the Joint Personal Accounts, the Tax Refunds, the Entities, the Entity Assets and the Real Property. The Trustee believes that the approval of the compromise and settlement is in the best interest of the estate and should be approved.

**WHEREFORE**, the Trustee prays that the Court enter an order substantially in the form attached hereto as **Exhibit B**; and granting the Trustee such other and further relief as is just and proper.

Respectfully submitted, this 7th day of November, 2016.

/s/ C. Thomas Ebel
C. Thomas Ebel, VSB No. 18637
William A. Gray, VSB No. 46911
SANDS ANDERSON PC
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: 804.648.1636
*Counsel for Bruce H. Matson, Chapter 7 Trustee*

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (this "**Agreement**") is made this 28 day of October, 2016, by and between Bruce L. Matson, Esquire, as Chapter 7 Trustee (the "**Trustee**") for the Bankruptcy Estate of Teresa S. Camden; and Teresa S. Camden (the "**Debtor**") and Christopher Camden, the husband of the Debtor ("**Mr. Camden**" and collectively with the Debtor, the "**Camdens**", and collectively the Chapter 7 Trustee and the Camdens are the "**Parties**"; each a "**Party**").

## RECITALS

A. On March 31, 2016 (the "**Petition Date**"), the Debtor filed with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Court**"), a voluntary petition seeking relief pursuant to chapter 7 of title 11 of the United States Code (the "**Code**"), to which case number 16-31606-KRH has been assigned (the "**Bankruptcy Case**").

B. The Trustee was appointed as interim trustee in the Bankruptcy Case and continues to serve in that capacity

C. As of the Petition Date, the Debtor had an interest in certain bank accounts at M & T Bank listed on the schedules in her Bankruptcy Case which she held jointly with Mr. Camden being a personal checking account number x7074 and a money market savings account number x5613 (together, the "**Joint Personal Accounts**")

D. As of the Petition Date, the Debtor listed on her schedules in her Bankruptcy Case an interest in tax refunds from both the Commonwealth of Virginia (in the amount of $6550.00) and the IRS (in the amount of $8668.00) (together, the "**Tax Refunds**") as set forth on the joint 2015 Income Tax Returns of the Camdens which the Debtor provided to the Trustee.

E. As of the Petition Date, the Debtor owned all of the interest in Commonwealth Sports Medicine, P. C., A Virginia Professional Corporation ("CSM") and Brennan's Aesthetics, LLC, a Virginia limited liability company ("BA" and together with CSM the "**Entities**"). As of the date of this Agreement, both Entities are no longer operating and the existence of both has been terminated with the Virginia State Corporation Commission.

F. As of the Petition Date, the Entities owned various assets (the "**Entity Assets**"), including equipment and certain bank accounts at M & T Bank (the "**Entity Bank Accounts**"). The Entities owe certain creditors including secured creditors who have claimed a lien on certain of the Entity Assets, but the Trustee believes there may be value for the Debtor's bankruptcy estate in taking control of the Entities and/or the Entity Assets.

G. As of the Petition Date, the Camdens owned as tenants by the entirety with right of survivorship certain real property in Henrico County, Virginia, commonly known as 12124 Blairmont Court, Glen Allen, Virginia 23059 and identified as tax map number 737-772-7112 (the "**Real Property**"), which was conveyed to the Camdens by a certain Deed of Gift from the Debtor to the Camdens dated November 10, 2015, and recorded November 12, 2015 in the Clerk's Office of the Circuit Court of Henrico County, Virginia in Deed Book 5424, page 2187.

H. While Mr. Camden has an interest in the Joint Personal Accounts and the Tax Refunds, the Trustee has claimed the entire amount of the Joint Personal Accounts and the Tax Refunds belongs to the Trustee for the benefit of the Debtor's bankruptcy estate.

I. While the Camdens have claimed they are owed certain funds by the Entities and that the Debtor may have a continuing interest in the Entities, the Trustee has denied they are owed any amounts by the Entities and that the Debtor has any further interest in the Entities, and the Trustee has taken or wishes to take possession and control of the Entities and the Entity Assets for the benefit of the Debtor's bankruptcy estate and the Debtor is agreeable to the Trustee doing so.

J. Based on the nature and timing of conveyance of the Real Property from the Debtor to the Debtor and Mr. Camden, the Trustee has claimed the conveyance is voidable, that the Trustee has an interest in the Real Property and any equity of the Debtor is not exempt to the extent claimed by the Debtor on her schedules in her Bankruptcy Case.

K. The Trustee and The Debtor and Mr. Camden wish to resolve the issues between them with respect to the assets of the Debtor described in this Agreement and with respect to the Entities and the Entity Assets, and in that regard, as of the date of this Agreement, the Debtor and/or Mr. Camden have done the following:

1) agreed to pay and have paid over to the Trustee the balance of the Joint Personal Accounts totally $73,987.54 described as follows:

    a. M & T Bank account number x7074 in the amount of $8,305.58.

    b. M & T Bank Account number x5613 in the amount of $65,681.96

2) agreed to pay and have paid over to the Trustee the following Tax Refunds in the total amount of $15,218.00 (which were deposited to and are a part of the Joint Personal Accounts paid over to the Trustee):

    a. Virginia Income Tax Refund in the amount of $6550.00
    b. Federal Income Tax Refund in the amount of $8668.00

   3) have agreed to pay and have paid over to the Trustee the balance of the following Entity Accounts:
    a. M & T Bank CSM account number x6898 in the amount of $12,691.21
    b. M & T Bank BA account number x7094 in the amount of $42,941.99.

  L. The Trustee and the Debtor and Mr. Camden wish to settle any and all issues between them with respect to any interest the Trustee may have in the Real Property in return for payment by the Debtor and Mr. Camden of the amount of $25,000 to the Trustee, which amount has been paid by the Debtor to the Trustee.

  M. The Parties have engaged in good faith, arms' length negotiations in an effort to resolve various claims and defenses of the Parties in the Bankruptcy Case, resulting in the settlement that is set forth in this Agreement. In particular, the Parties have reached a compromise and settlement of the issues, controversy, or disputes related to the claims and defenses as to the Joint Personal Accounts, the Tax Refunds, the Entities and the Entity Assets, and the Real Property. Without conceding the merits of any claim or argument asserted by any other Party, the Parties have entered into this Agreement in order to avoid the inherent risk, delay, and substantial expense that would arise from litigation in the Bankruptcy Case.

## AGREEMENT

  NOW THEREFORE, in consideration of the above Recitals, each of which being true and correct and incorporated herein by reference, and of the promises, covenants, and representations hereinafter made, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby mutually agree as follows:

  1. **Court Approval.** This Agreement shall be of no force or effect unless and until both a final order of the Court approving this Agreement (the "**Order**") has been entered and is no longer appealable. The Trustee and his counsel shall take all actions reasonably necessary or required to obtain Court approval of this Agreement, and the Debtor, her counsel and Mr. Camden will provide any assistance reasonably necessary to aid the Trustee in completion of such actions. In the event that this Agreement is not approved by the Court or the Order approving this Agreement is reversed by a court of competent jurisdiction, then this Agreement shall be deemed null and *void ab initio*, in which case all rights and arguments of each Party shall be reserved. In the event that this Agreement shall become null and void, then neither the terms nor the statements contained in this Agreement, nor in any motion or motions filed seeking the entry of the Order, nor in any correspondence related to the negotiation, drafting, or approval of this Agreement, shall be argued or deemed to be an admission against any Party's interest, nor shall any such statement in any way enhance or diminish the rights of any Party hereto. Upon entry of the Order approving this Agreement and no appeal having been filed and the Order is no longer appealable, the Parties will cooperate in implementing all terms and conditions of this Agreement.

2. **Turnover of Joint Personal Accounts.** The Camdens have turned over to the Trustee the full balance of the Joint Personal Accounts totaling $ 73,987.74 as follows;

    a. M & T Bank account number x7074 in the amount of $8,305.58.
    b. M & T Bank Account number x5613 in the amount of $65,681.96

The Trustee does hereby accept such amounts in full settlement of any and all claims which the Trustee may have against the Camdens with respect to the Joint Personal Accounts. The Camdens do hereby release any and all interest or claims which they may have in the Joint Personal Accounts.

3. **Turnover of Tax Refunds.** The Camdens have turned over to the Trustee the full amount of the Tax Refunds totaling $15,218.00 (which were deposited to and are a part of the Joint Personal Accounts paid over to the Trustee) as follows:

    a. Virginia Income Tax Refund in the amount of $6550.00
    b. Federal Income Tax Refund in the amount of $8668.00

The Trustee does hereby accept such amount in full settlement of any and all claims which the Trustee may have against the Camdens with respect to the Tax Refunds. The Camdens do hereby release any and all interest or claims which they may have in the Tax Refunds.

4. **The Entities and the Entity Assets.** The Debtor has and does hereby turnover and release unto the Trustee any and all interest the Debtor may have in the Entities and the Entity Assets including without limitation the Entity Accounts, which accounts are follows:

    a. M & T Bank CSM account number x6898 in the amount of $12,691.21
    b. M & T Bank BA account number x7094 in the amount of $42,941.99

,. The Debtor acknowledges and agrees that the Trustee shall have full and complete authority to take all action which the Trustee may deem necessary, in his sole discretion, with respect to the Entities and the Entity Assets, including without limitation abandoning to secured creditors any Entity Assets in which such creditor may claim a lien, payment of such creditors of the Entities as the Trustee deems appropriate, distributing the Entity Assets in such manner as the Trustee deems appropriate and taking such other action as the Trustee deems appropriate with respect to the Entities, including liquidation and dissolution. The Debtor and Mr. Camden each do hereby release and forever discharge any and all claims they may have against the Entities and the Entity Assets, including without limitation the release of any claims for salary, wages or other compensation or payment for services. The Debtor acknowledges that the Trustee intends to enter a separate related Settlement Agreement with Direct Capital Corporation ("Direct Capital") whereby the Trustee shall abandon and release to Direct Capital certain equipment and a bank account of CSM in which Direct Capital claims a security interest in return for certain agreements from Direct Capital, including the release of any interest

in the BA Entity Bank Account and the modification of its proof of claim in Debtor's Bankruptcy case. The Debtor agrees with and will not object to the terms of such settlement and will co-operate with the Trustee and Direct Capital in the turn over to Direct Capital of any equipment or other Entity Assets in the possession of the Debtor which the Trustee abandons and directs be turned over to Direct Capital or any other secured creditor of CSM, BA or the Debtor.

5. **The Real Property.** The Debtor has paid to the Trustee and the Trustee does hereby accept the amount of $25,000 in full settlement of all claims which the Trustee may have in or against the Real Property. The Trustee does hereby release and forever discharge unto the Camdens, and their heirs, personal representatives, successors and assigns any and all claims against or interest in the Real Property which the Trustee may have.

6. **Limited Releases:**

   a. Except for the terms, covenants, conditions, and requirements in this Agreement, the Trustee, for himself and the Debtor's chapter 7 bankruptcy estate and his representatives, agents, trustees, successors and assigns, and any other entity claiming by or through him, hereby releases, and forever discharges, jointly, severally and otherwise, Mr. Camden and his heirs, personal representatives, trustees, agents, insurers, attorneys, successors and assigns, and any other person or entity claiming by or through Mr. Camden of and from any and all claims, demands, damages, actions, costs, expenses, actions, causes of action, suits at law or in equity, in connection with the Joint Personal Accounts, the Tax Refunds, the Entities, the Entity Assets and the Real Property.

   b. Except for the terms, covenants, conditions, and requirements in this Agreement, the Camdens, for themselves and their heirs, personal representatives, trustees, agents, successors and assigns, and any other person or entity claiming by or through them, hereby release, and forever discharge, jointly, severally and otherwise, the Trustee and the Debtor's bankruptcy estate, and their heirs, personal representatives, trustees, agents, insurers, attorneys, successors and assigns, and any other person entity claiming by or through the Trustee of and from any and all claims, demands, damages, actions, costs, expenses, actions, causes of action, suits at law or in equity, in connection with the Joint Personal Accounts, the Tax Refunds, the Entities, the Entity Assets, and the Real Property, including without limitation forever waiving and releasing (i) any interest they may have in the Joint Personal Accounts, the Tax Refunds, the Entity Assets, (ii) any claim against the Entities or the bankruptcy estate of the Debtor for any debt or

liability whatsoever and (iii) any right to file a proof of claim in the Bankruptcy Case.

    c. For the avoidance of doubt, any claims, demands, damages, actions, costs, expenses, causes of action, suits at law or in equity that are not expressly released in this Limited Mutual Release shall survive this Agreement.

7. **Default:** The occurrence of any of the following shall constitute an "**Event of Default**" under this Agreement:

    a. The failure of any Party so obligated to observe or perform fully and timely any obligation, term, provision, covenant, or agreement contained in this Agreement, which is not cured within ten (10) business days of receipt by the defaulting Party of written notice of such default; or

    b. Any of the representations and warranties provided herein by a Party is determined, after notice and a hearing, to have been false or materially inaccurate when made.

8. **General Terms:**

    a. **Recitals.** The Parties agree that the above recitals are true, that they are an important part of the consideration for this Agreement, and that they are incorporated herein by this reference.

    b. **Counterparts.** This Agreement may be executed in two or more counterparts, including by facsimile or pdf, each of which shall for all purposes be deemed to constitute an original, but all of which, when taken together, shall constitute but one instrument, and shall become effective when copies hereof, when taken together, bear the signatures of each of the Parties hereto.

    c. **Disputes And Remedies.** To the extent allowable by law, the United States Bankruptcy Court for Eastern District of Virginia, Richmond Division shall have and retain exclusive jurisdiction to adjudicate any dispute that arises from, arises out of, or is related to this Agreement and to interpret, implement, and enforce the terms of this Agreement, including the resolution of any dispute arising under the Order approving this Agreement.

THE PARTIES WAIVE TRIAL BY JURY OF ANY AND ALL DISPUTES OR ISSUES AND AGREE THAT ALL SUCH MATTERS SHALL BE TRIED AND DECIDED SOLELY BY A JUDGE SITTING WITHOUT A JURY.

d. **Controlling Law.** The performance and construction of this Agreement, to the extent not governed by title 11 of the United States Code, shall be governed in all respects by the laws of the Commonwealth of Virginia without regard to its conflicts of laws provisions.

e. **Remedies.** Upon the occurrence of an Event of Default, the non-defaulting Party or Parties shall have the rights and remedies they may have pursuant to applicable law, all such rights being cumulative and enforceable alternatively, successively, or concurrently. Provided further, that the releases contained in Section 6 above shall survive an Event of Default hereunder, including as to the defaulting Party, except to the extent that a Party's representations or warranties hereunder were false or inaccurate when made, to be determined after notice and a hearing.

f. **Severability.** If any term, provision, or condition, or any part thereof, of this Agreement shall for any reason be found or held invalid or unenforceable by any state or federal court or governmental agency of competent jurisdiction, such invalidity or unenforceability shall not affect the remainder of such term, provision, or condition, nor any other term, provision or condition, and this Agreement shall survive and be construed as if such invalid or unenforceable term, provision, or condition had not been contained therein, but only to the extent of such invalidity or unenforceability.

g. **Further Assurances.** The Parties agree to execute any and all documents necessary to consummate the settlement between the Parties and to otherwise exercise reasonable efforts to facilitate the terms of the settlement between the Parties.

h. **Advice Of Counsel.** The Parties hereby acknowledge that they have had the opportunity to obtain the advice of experienced counsel of their own choosing in connection with the negotiation and execution of this Agreement and to obtain such counsel's advice on the matters herein including, without limitation, the provisions for waiver of trial by jury. The usual rule of construction that any ambiguities are to be resolved against the drafting party shall be inapplicable in the construction and interpretation of this Agreement as well as any amendments or exhibits thereto

i. **No Third Party Beneficiaries.** This Agreement is intended neither to enlarge nor diminish, in any regard, the rights of any entity not a party to the Agreement. There are no third-party beneficiaries of this Agreement, either intended or unintended.

j. **Headings Not Part Of Agreement.** The headings contained in this Agreement are inserted for convenience of reference and are not intended to be a part of or to affect the meaning or interpretation of the Agreement.

k. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties regarding the subject matter hereof and fully supersedes any and all conflicting prior communications, agreements, or understandings between the Parties, written or oral.

l. **Amendments Only In Writing.** The terms of this Agreement may be changed only by a writing executed by all Parties, which may also require approval of the Court.

m. **Successors And Assigns.** This Agreement, and all provisions hereof, shall inure to the benefit of and be binding upon the Parties hereto, their successors in interest, and their assigns, even if the Bankruptcy Case is dismissed or converted to a case under a different chapter of the Code.

n. **Notices.** Any notice or other communication required or permitted by this Agreement contemplated hereby shall be in writing and may be delivered: (i) personally, (ii) by first class mail, (ii) by express mail or (iv) by e-mail or facsimile if also sent not later than the next business day by one of the other means provided for in this Section, as follows:

If to the Debtor:    Teresa S. Camden
                     12124 Blairmont Court,
                     Glen Allen, Virginia 23059

                     with a copy to:

                     Sharon Stuart, Esq.
                     Stuart Law Firm, LLC
                     2222 Monument Avenue
                     Richmond, Virginia 23220
                     scstuart@sharonstuart.com

If to Mr. Camden:    Christopher Camden
                     12124 Blairmont Court,
                     Glen Allen, Virginia 23059

If to the Trustee:   Bruce L. Matson, Esq.

LeClair Ryan  
919 East Main Street, 24th Floor  
Richmond, Virginia 23219  
bruce.matson@leclairryan.com  

with a copy to:  

C. Thomas Ebel, Esq.  
Sands Anderson PC  
P.O. Box 1998  
1111 East Main Street, Suite 2300 (23219)  
Richmond, Va. 23218-1998  
tebel@sandsanderson.com  

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]  
[SIGNATURE PAGES FOLLOW]

# SIGNATURE PAGE TO SETTLEMENT AGREEMENT

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year written below.

Date: 10·28·16

_____
TERESA S. CAMDEN

## SIGNATURE PAGE TO SETTLEMENT AGREEMENT

Date: 11/2/16

*(signature)*

BRUCE L. MATSON, Chapter 7
Trustee for the Bankruptcy Estate of
Teresa S. Camden

## SIGNATURE PAGE TO SETTLEMENT AGREEMENT

Date: 10-30-2016

_____
CHRISTOPHER CAMDEN

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**In re:**

    **TERESA S. CAMDEN,**                          Case No.: 16-31606-KRH
                                                                  **Chapter 7**
                    **Debtor.**

**ORDER APPROVING COMPROMISE**
**AND SETTLEMENT WITH DEBTOR AND CHRISTOPHER CAMDEN**

Before the Court is the *Trustee's Motion for Approval of Compromise and Settlement with Debtor and Christopher Camden* (the "**Motion**") in which the Chapter 7 Trustee seeks approval of a compromise and settlement of claims held by and between Debtor Teresa S. Camden, Christopher Camden, and the Trustee. Upon consideration of the Motion,

**IT IS ORDERED** that the Motion is GRANTED;

**IT IS ORDERED** that the compromise and settlement between the Debtor, Mr. Camden and the Trustee, and the Settlement Agreement[2] is APPROVED;

**IT IS ORDERED** that the Trustee is authorized to take all actions, and execute any documentation necessary to effectuate the Settlement Agreement.

---

[1] Unless otherwise defined herein, capitalized terms in this Order shall have the meaning ascribed to them in the Motion.

---

C. Thomas Ebel, VSB No. 18637
William A. Gray, VSB No. 46911
SANDS ANDERSON PC
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: 804.648.1636
  *Counsel for Bruce H. Matson, Chapter 7 Trustee*

Date: _____

KEVIN R. HUENNEKENS, JUDGE
UNITED STATES BANKRUPTCY COURT

Entered on Docket:_____

**For this we ask:**

 /s/ C. Thomas Ebel
C. Thomas Ebel, VSB No. 18637
William A. Gray, VSB No. 46911
SANDS ANDERSON PC
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: 804.648.1636
  *Counsel for Bruce H. Matson, Chapter 7 Trustee*

**Seen and agreed:**

/s/
Sharon Choi Stuart, VSB No. 45026
Stuart Law Firm, LLC
2222 Monument Avenue
Richmond, VA 23220
  *Counsel for Teresa S. Camden*

## L.B.R. 9022-1(C) CERTIFICATION

I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

_____

**COPIES TO:**

Sharon Choi Stuart, Esquire
Stuart Law Firm, LLC
2222 Monument Avenue
Richmond, Virginia 23220
  *Counsel for the Debtor*

Bruce H. Matson, Esquire
919 East Main Street, 24th Floor
Richmond, VA 23219
  *Chapter 7 Trustee*

C. Thomas Ebel, Esquire
William A. Gray, Esquire
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998
  *Counsel to Chapter 7 Trustee*

Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 East Broad Street, Room 4304
Richmond, VA 23219
  *Office of the US Trustee*